## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

The Black Rose, Inc.,

     Plaintiff,

v.

Black Rose European Bakery LLC,

     Defendant.

Civil Action No. 1:24-cv-12372

**JURY TRIAL DEMANDED**

## <u>COMPLAINT</u>

Plaintiff, The Black Rose, Inc. ("The Black Rose" or "Plaintiff"), for its complaint against Defendant Black Rose European Bakery LLC ("Black Rose Bakery" or "Defendant"), alleges as follows:

### THE PARTIES

1.     The Black Rose, Inc., is a Massachusetts corporation with its principal place of business at 83 Central Street, Boston, MA 02109.

2.     Black Rose European Bakery LLC is a limited liability company organized under the laws of the Commonwealth of Massachusetts with its principal place of business at 65 Burbank Street, Millbury, MA 01527.

### JURISDICTION AND VENUE

3.     This action arises under the trademark laws of the United States, 15 U.S.C. § 1051, et seq., particularly under 15 U.S.C. § 1125, as well as Massachusetts statutory and common law.

4.     This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1125, and 28 U.S.C. §§ 1331 and 1338(b).  This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367, because those claims are substantially related to Plaintiff's federal claims.

5.      This Court has personal jurisdiction over the Black Rose Bakery because the Black Rose Bakery has its usual place of business in the Commonwealth of Massachusetts.  This Court also has personal jurisdiction over the Black Rose Bakery, because the Black Rose Bakery conducted and continues to conduct business in the state of Massachusetts.  When selling goods and offering services in Massachusetts, the Black Rose Bakery engages in trademark infringement and unfair competition by using marks that are confusingly similar or identical to Plaintiff's mark in connection with advertising, offering for sale, and selling similar goods and services.

6.      Venue in this district is proper under 28 U.S.C. § 1391(b) because a substantial part of the infringing activity and unfair competition giving rise to the claims occurred and continues to occur in this district; and 28 U.S.C. §§ 1391(c) because defendant has their usual places of business in the District of Massachusetts.

## FACTUAL BACKGROUND

### Plaintiff's Trademark Rights

7.      Plaintiff owns and operates The Black Rose, an iconic Irish pub and restaurant located in Faneuil Hall in Boston, Massachusetts.  It has been in continuous operation in Boston at 160 State Street for 48 years, since 1976.  The Black Rose has become a Boston staple.

8.      The Black Rose provides food, beverages, and live entertainment to its patrons seven nights a week.  Plaintiff has invested considerable time, money, and effort in building consumer goodwill through its services and by ensuring decades-long strong customer service.

9.      The Black Rose's longstanding history and acclaim have allowed it to earn a significant reputation and level of goodwill in the city of Boston, the Commonwealth of Massachusetts, and beyond.

10.     The Black Rose has been featured in numerous publications and media outlets such as the Boston Globe, Boston Business Journal, Boston Magazine, Boston 25 News, Boston.com, Irish Star, MassLive, Eater.com, Thriller.com, TimeOut, TripAdvisor, and Yelp.

11.     The Black Rose has built a loyal customer base that spans locals, tourists, and international visitors, particularly those from Ireland.  The establishment has also been visited by the Dropkick Murphy's, U2, John Denver, the Chieftains, James Galway, Phil Lynnott, and more.

12.     Since August 31, 1976, Plaintiff has continuously used THE BLACK ROSE mark in connection with pub, tavern and restaurant services.





13.    Through Plaintiff's longstanding continuous use and promotion of the mark, THE BLACK ROSE, the Plaintiff has acquired protectable common law rights in and to the mark.

14.    Through the establishment's longstanding history, fame, and considerable goodwill, the purchasing public has come to associate THE BLACK ROSE as the single source of pub, tavern and restaurant services under that mark in Massachusetts.

15.    Plaintiff therefore has extensive, decades-old, common law rights in and to the mark, THE BLACK ROSE, and has enjoyed those rights long before the Black Rose Bakery began engaging in the wrongful conduct discussed in this complaint.

<u>Defendant's Business and Infringing Activity</u>

16.    Long Rocheford organized Black Rose European Bakery LLC on May 5, 2022.

17.    Black Rose Bakery was opened in 2022 at 232 Turnpike Road in Westborough, Massachusetts.

18.     In August of 2024, Black Rose Bakery opened a second location at 303 Newbury Street, Boston, Massachusetts – less than a two mile walk from The Black Rose at 160 State Street, Boston, Massachusetts.

19.     The Black Rose Bakery uses various trademarks for its business throughout its website, social media channels, e-mail address, and at its physical locations including its signage and packaging materials.  These marks include: BLACK ROSE EUROPEAN BAKERY, BLACK ROSE BAKERY, THE BLACK ROSE BAKERY, and BLACK ROSE.

20.     The Black Rose Bakery advertises, markets, promotes, provides, and otherwise offers bakery, cafe, and restaurant services ("Infringing Services") under confusingly similar, or identical, marks: BLACK ROSE EUROPEAN BAKERY, BLACK ROSE BAKERY, THE BLACK ROSE BAKERY, BLACK ROSE and a rose logo ("Infringing Marks").

21.     The Black Rose Bakery also uses golden lettering and rose imagery, inside and outside of its two locations, on its website, and on social media, that is confusingly similar to the golden lettering and rose imagery that the Plaintiff has used for decades at The Black Rose.

22.     The link and URL to the Black Rose Bakery's website identifies it as THE BLACK ROSE BAKERY. The highlighted text for the webpage shows the Black Rose Bakery refers to itself as Black Rose.



23.    The Black Rose Bakery's e-mail address is info@blackrosebakery.com.

24.    On the Black Rose Bakery's website, they refer to themselves in different places as BLACK ROSE EUROPEAN BAKERY, BLACK ROSE BAKERY, THE BLACK ROSE BAKERY, and BLACK ROSE.









25.    The dominant features of these marks on the Black Rose Bakery's website and social media are the terms BLACK ROSE.

26.    The Black Rose Bakery's Instagram handle is blackrosebakery_.



27.    The dominant features of these marks on the Black Rose Bakery's physical signage and product packaging are the terms BLACK ROSE.



Newbury Street Location



Newbury Street Location



Newbury Street Location



Westborough Location



28.     Beyond baked goods, the Black Rose Bakery offers sandwiches, meat pies, coffees, bubble teas, smoothies, and more.  With offerings like indoor and outdoor dining, sandwiches curated by a chef, meat pies, coffees, bubble teas, smoothies, and more, the Black Rose Bakery is operating as a cafe and restaurant, not just a bakery.



Newbury Street Location



Newbury Street Location



Newbury Street Location



Newbury Street Location

29.     The Black Rose Bakery, based on its name, logo, graphics, and its Boston location's

proximity to The Black Rose, deceptively confuses unsuspecting customers by creating a false

association that the Black Rose Bakery's services are affiliated with, approved by, and/or licensed from Plaintiff.

30.     The Black Rose Bakery's locations opened in Westborough in 2022 and Boston in 2024, decades after The Black Rose first opened its doors.  Therefore, Plaintiff has senior trademark rights that have priority over the Black Rose Bakery's Infringing Marks.

31.     In relation to The Black Rose, the Black Rose Bakery uses confusingly similar, or identical, marks while offering confusingly similar services.

32.     The Black Rose Bakery's use of the Infringing Marks trades on the substantial goodwill and commercial success that The Black Rose has built up in their marks since 1976.

33.     The Black Rose Bakery's infringement of plaintiff's marks in providing confusingly similar and identical services—cafe and restaurant services—causes confusion as to source, sponsorship, and affiliation.

34.     The Black Rose Bakery's use of the Infringing Marks in connection with the Infringing Services has caused actual confusion and is likely to continue to cause actual confusion and false affiliation with consumers.

35.     Given the proximity of The Black Rose and the Black Rose Bakery's businesses, consumers have inquired about a false connection between the two businesses.

36.     Consumers are likely to continue to be confused as to the source of the respective parties' offerings and the affiliation between The Black Rose and the Black Rose Bakery.

37.     By causing actual confusion, and continuing to cause a likelihood of further confusion, mistake, and deception, and because Plaintiff has no ability to control the quality of the services offered by the Black Rose Bakery, Plaintiff is in danger of irreparable harm to the goodwill symbolized by their trademarks and the historical reputation that they embody.

38.     On June 12, 2024, Plaintiff sent a cease and desist letter to the Black Rose Bakery demanding that they immediately cease and desist all unauthorized use of THE BLACK ROSE mark, or any similar variation thereof, as a trademark in connection with its Infringing Services, including in connection with its website.  After being provided notice of infringement, the Black Rose Bakery's unauthorized use of Plaintiff's trademark has continued in bad faith.  The Black Rose Bakery has also failed to undertake any remedial efforts to avoid infringement.

<u>COUNT I</u>

**TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION (15 U.S.C. § 1125(a))**

39.     Plaintiff repeats and incorporates by reference the allegations in the preceding paragraphs 1-38.

40.     Plaintiff owns exclusive common law rights to the mark THE BLACK ROSE in connection with pub, tavern and restaurant services.  This mark has acquired distinctiveness as an indicator of a single source of those goods and services, predating the Black Rose Bakery's use of the Infringing Marks.  Consumers have historically associated THE BLACK ROSE with Plaintiff's well-known, high-quality goods and services.  The Black Rose Bakery's unauthorized use of the Infringing Marks is likely to cause consumer confusion, leading consumers to falsely believe that the Black Rose Bakery's services are affiliated, connected, or associated with The Black Rose.

41.     The Black Rose Bakery's unauthorized use of the Infringing Marks, as described above, constitutes false designation of origin and unfair competition in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

42.     The Black Rose Bakery's unauthorized use in commerce of the Infringing Marks and those that are confusingly similar, is likely to create and has already created customer confusion

and/or mistake, and serves to deceive customers of Defendant's Infringing Services and Plaintiff's services to erroneously believe that Defendant's Infringing Services originate from the same source as Plaintiff's services, or are otherwise affiliated, connected, or associated with Plaintiff, or sponsored or endorsed by Plaintiff, when in fact they are not.

43.     Defendants' acts of false designation of source and origin have been committed knowingly, willfully, and deliberately with the intent to cause confusion, mistake and to deceive.

44.     The actions of the Black Rose Bakery described above have also caused damage to the Plaintiff for which the Plaintiff should be compensated by the Black Rose Bakery.

45.     The actions of the Black Rose Bakery described above have caused and, unless enjoined by this Court, will continue to cause serious and irreparable injury to the Plaintiff for which the Plaintiff has no adequate remedy at law.

## COUNT II

### TRADEMARK INFRINGEMENT IN VIOLATION OF MASSACHUSETTS COMMON LAW

46.     Plaintiff repeats and incorporates by reference the allegations in the preceding paragraphs 1-38.

47.     The Black Rose Bakery uses, advertises, markets, and offers the Infringing Services under marks that are confusingly similar, or even identical, to Plaintiff's THE BLACK ROSE mark in connection with their business located in Westborough, Massachusetts and Boston, Massachusetts.

48.     The Black Rose Bakery's unauthorized use of marks that are confusingly similar, or even identical to, Plaintiff's THE BLACK ROSE mark in Westborough and Boston constitutes trademark infringement under Massachusetts common law.  This use causes confusion,

deception, and mistake regarding the source and authorization of the Black Rose Bakery's services.

49.     On information and belief, the Black Rose Bakery's conduct as alleged herein has been undertaken willfully and maliciously, and with full knowledge in conscious disregard of Plaintiff's rights.

50.     As well as harming the public, the Black Rose Bakery's conduct as alleged herein has caused and will continue to cause Plaintiff irreparable harm for which there is no adequate remedy at law and is also causing damage to Plaintiff in an amount which cannot be accurately computed at this time but will be proven at trial.

**COUNT III**

**TRADEMARK DILUTION UNDER M.G.L. c. 110H, § 13 (M.G.L. c. 110H, § 13)**

51.     Plaintiff repeats and incorporates by reference the allegations in the preceding paragraphs 1-38.

52.     The Black Rose Bakery uses, advertises, markets, and offers the Infringing Services under marks that are confusingly similar, or even identical, to Plaintiff's THE BLACK ROSE mark in connection with their business in Westborough, Massachusetts and Boston, Massachusetts.

53.     The Black Rose Bakery's use of the Infringing Marks constitutes trademark infringement and dilution under M.G.L. c. 110H, § 13 and is likely to cause confusion, deception, and mistake among the consuming public as to the source of, and authorization for, the Black Rose Bakery's Infringing Services sold and/or advertised by the Black Rose Bakery in violation of Massachusetts state law.

54.     The Black Rose Bakery's unauthorized use of marks that are confusingly similar, or even

identical, to Plaintiff's THE BLACK ROSE mark is likely to cause further injury to Plaintiff's

business reputation and dilution of the distinctive quality of its marks, in violation of M.G.L. c.

110H, § 13.

55.     By reason of the Black Rose Bakery's acts alleged herein, Plaintiff has suffered monetary

damages.  It has also suffered a loss of the control of the goodwill associated with its marks.  The

Black Rose has suffered damage to its business, reputation, and consumer goodwill.

56.     As well as harming the public, the Black Rose Bakery's conduct as alleged herein has

caused and will continue to cause Plaintiff irreparable harm for which there is no adequate

remedy at law and is also causing damages to Plaintiff in an amount which cannot be accurately

computed at this time but will be proven at trial.

## COUNT IV

## UNFAIR COMPETITION IN VIOLATION OF MASSACHUSETTS COMMON LAW

57.     Plaintiff repeats and incorporates by reference the allegations in the preceding paragraphs

1-38.

58.     The Black Rose Bakery uses, advertises, markets, and offers the Infringing Services

under the Infringing Marks in connection with their business in Westborough, Massachusetts and

Boston, Massachusetts.

59.     By virtue of the Black Rose Bakery's conduct as alleged herein, the Black Rose Bakery

has engaged and is engaging in unfair competition under the common law of the Commonwealth

of Massachusetts.

60.     The Black Rose Bakery's use in commerce of the Infringing Marks has caused or is

likely to cause confusion, mistake, and to deceive the relevant public by suggesting that the

Black Rose Bakery's Infringing Services are authorized, sponsored, approved by, or are affiliated with Plaintiff.

61.     On information and belief, the Black Rose Bakery's conduct as alleged herein has been undertaken willfully and maliciously, and with full knowledge in conscious disregard of Plaintiff's rights.

62.     The Black Rose Bakery's use of the Infringing Marks has caused or is likely to cause confusion, mistake, and deception among the general public as to the source of the Black Rose Bakery's Infringing Services.  Hence, the Black Rose Bakery has unfairly profited from the actions alleged herein.

63.     By reason of the Black Rose Bakery's acts alleged herein, Plaintiff has suffered monetary damages and loss of control of the goodwill associated with its marks.

64.     As well as harming the public, the Black Rose Bakery's conduct as alleged herein has caused and will continue to cause irreparable harm to Plaintiff for which there is no adequate remedy at law and is also causing damage to Plaintiff in an amount that cannot be accurately computed at this time but will be proven at trial.

## COUNT V

### UNFAIR AND DECEPTIVE TRADE PRACTICES UNDER M.G.L. c. 93A

65.     Plaintiff repeats and incorporates by reference the allegations in the preceding paragraphs 1-38.

66.     Plaintiff and the Black Rose Bakery are both engaged in trade and commerce in the Commonwealth of Massachusetts.

67.     The Black Rose Bakery's unfair and deceptive conduct occurred primarily and substantially in the Commonwealth of Massachusetts.

68.     The Black Rose Bakery's infringing use of confusingly similar, or identical, marks has been willful, wanton, reckless, and in total disregard of Plaintiff's rights.

69.     By reason of the foregoing, the Black Rose Bakery has engaged in unfair and deceptive practices in violation of M.G.L. c. 93A.

70.     Such conduct by the Black Rose Bakery has caused and will continue to cause irreparable injury to Plaintiff for which Plaintiff has no adequate remedy at law.

71.     Such conduct by the Black Rose Bakery has caused and will continue to cause damage to Plaintiff.

72.     Due to the Black Rose Bakery's wrongful conduct and pursuant to Chapter 93A, Plaintiff is entitled to treble damages, costs and attorney's fees in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter judgment in its favor against the Black Rose Bakery as follows:

A.     That the Court enter a finding that use by the Black Rose Bakery of the Infringing Marks infringes upon Plaintiff's rights in its common law trademarks;

B.     That the Court enter a preliminary injunction and a permanent injunction prohibiting the Black Rose Bakery as well as their officers, directors, predecessors, successors, agents, employees, representatives, and all persons, corporations, or other entities acting in concert or participation with the Black Rose Bakery from:

   i)     Using the Infringing Marks in connection with any of the Black Rose Bakery's Infringing Services and goods and services related thereto, in Massachusetts;

   ii)    Infringing any of Plaintiff's intellectual property rights in its trademarks;

iii)   Engaging in any conduct that tends falsely to represent, or is likely to confuse, mislead, or deceive members of the public to believe, that the actions of the Black Rose Bakery or any of their officers, directors, predecessors, successors, agents, employees, representatives, and all persons, corporations, or other entities acting in concert or participation with the Black Rose Bakery are sponsored, approved, or licensed by Plaintiff, or are in any way connected or affiliated with Plaintiff;

iv)   Affixing, applying, annexing, or using in connection with the manufacture, distribution, advertising, sale, and/or offering for sale or other use of any goods or services, a false description of representation, including works or other symbols, tending to falsely describe or represent such goods or services as being those of Plaintiff, including without limitation, Plaintiff's trademarks; and

v)   Otherwise unfairly competing with Plaintiff in any manner;

C.   That the Court award Plaintiff monetary damages in an amount to be determined at trial;

D.   Treble/multiplied damages as a result of the Black Rose Bakery's willful, wanton and deliberate acts of trademark infringement and as otherwise permitted by law;

E.   An award of costs and reasonable attorney's fees that Plaintiff expended in this action;

F.   That the Court award Plaintiff pre-judgment and post-judgment interest on any damage award;

G.   That the Court retain jurisdiction of this action for the purpose of enabling Plaintiff to apply to the Court at any time for such further orders and interpretation or execution

of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith, and for the punishment of any violations thereof; and

      H.     For such other and further relief as the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Plaintiff hereby demands a trial by jury on all issues so triable.


Dated: September 16, 2024          Respectfully submitted,

                       */s/ Kevin Gannon*
                       Kevin Gannon (BBO #640931)
                       Aaron S. Jacobs (BBO #677545)
                       **PRINCE LOBEL TYE LLP**
                       One International Place, Suite 3700
                       Boston, MA 02110
                       Tel: (617) 456-8000
                       Email: kgannon@princelobel.com
                       Email: ajacobs@princelobel.com

                       *Attorneys for The Black Rose, Inc.*